VICENTE USERA Y SEDA, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6903. Argued March 24, 1936.—Decided August 1, 1936.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for the recovery of taxes paid under protest. Four causes of action are stated for the recovery of an aggregate sum of $3,639.89 paid by a mortgage creditor on account of taxes owed by the mortgaged property and by his debtor.

As appears from the pleadings, the facts are briefly as follows: Antonia Rieder, being the owner of five rural properties located in the municipality of Ponce, mortgaged them in 1928 to Vicente Usera to guarantee the amount of $24,000. The indebtedness was not paid, and to collect the same the creditor commenced the summary proceeding authorized by law, the public auction of such properties being set for July 13, 1933.

While this was going on and since the owner of the properties had not paid taxes to the treasury and was owing, in addition, other taxes, the Treasurer of Puerto Rico proceeded against her and the properties by attachment, the public auction being set for July 7, 1933.

The mortgage creditor offered to pay the taxes owing by the properties for the last three years and the current year, if the attachment proceedings were suspended. The Treasurer refused and the creditor decided to pay, and on July 5, 1933, did pay, all of the taxes claimed amounting to $6,657.51, doing so under protest as to the amounts of $1,223.67, $1,103.93, $403.73 and $908.56, of which the first and second were owed by the properties for taxes for the fiscal years 1928–29 and 1929–30, and of which the third and fourth items, by the debtor for workmen's compensation premiums and for taxes upon vehicles and cattle respectively.

After making payment in this manner, the creditor brought this suit to recover the amounts so paid.

The defendant demurred to the complaint, and his demurrer was finally sustained. The plaintiff amended his complaint. The defendant moved that certain portions of the amended complaint be stricken, and the court granted his motion. After a corrected complaint had been filed, the defendant again demurred and the court held his demurrer well-founded, and believing that the complaint was not susceptible of further amendment, dismissed it, entering judgment from which appellant has taken the instant appeal.

The appellant assigns two errors in his brief, to wit: that committed in his opinion by the court in sustaining the defendant's motion to strike and that committed in finally dismissing the complaint.

The first error does not exist. The motion to strike was filed and granted because the new facts alleged in the amended complaint "tend to change the causes of action of the original complaint, and is matter impertinent, immaterial and irrelevant to the different causes of action set up by the plaintiff."

Plaintiff maintains that this is not so and that the new allegations tended solely to reinforce the averments in the original complaint.

After a full discussion of the facts, the question is properly summarized by the appellee in his brief as follows:

"From paragraphs 16 and 17 of the first and second causes of action it appears that the plaintiff not only attacks the taxes referred to in such causes of action as not constituting liens preferred over the plaintiff's mortgage lien, but for the first time seeks to charge the defendant with fault in not having collected such taxes in time as well as with acts in violation of law in withdrawing the attachment levied by the Collector of Internal Revenue upon movable properties of the taxpayer.

"It is obvious that these facts establish a new cause of action different from that set forth in the original complaint. The action

as originally filed was directed against the People of Puerto Rico; the action sought to be introduced by virtue of paragraphs 16 and 17 above referred to, is directed against the Treasurer of Puerto Rico, Manuel V. Domenech, personally.

"The same applies to paragraph 16 of the third and fourth causes of action of the complaint."

■ Similarly, the second and last of the errors assigned does not exist. However strong the effort made, the learned counsel for the appellant is not in our opinion able substantially to distinguish this case from that of the *Heirs of Franceschi* v. *Domenech, Treasurer of Puerto Rico,* 47 P.R.R. 445, in which this court, speaking through Mr. Justice Hutchison, made a careful study of the matter and expressed itself in part as follows:

"A tax collector advertised for sale a certain property. The holders of a first mortgage offered to pay a part of the taxes and the tax collector demanded payment of the entire amount due. The tax lien for the last few years was superior to the mortgage lien. The tax lien for the previous years was subordinate to the mortgage lien. The mortgagees then paid the entire amount, but entered a protest as to the part thereof covering the earlier period. They then brought the present action to recover the amount paid under protest. The district court sustained a demurrer to the complaint and the mortgagees appeal from a judgment of dismissal.

"We have said that the mortgage lien was superior to the tax lien as to the taxes paid under protest. We may add, in passing, that such a lien is, of course, entitled to protection either by the treasurer or in a proper case by the courts. The mortgagee must have a remedy whenever his rights are invaded or, perhaps, whenever an invasion of such rights is threatened. He may have several remedies It does not follow that a suit to recover a part of the mortgagor's taxes paid under protest by the mortgagee is one of these remedies.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Sections 1 and 3 of 'An act providing for the payment of taxes under protest; establishing a procedure to authorize the collection and return thereof...' (Laws of 1927, p. 122) read (the latter in part) as follows:

" 'Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, he shall, however, be obliged to pay the same in full upon request of the collector of internal revenue of his district, or of the official in charge of the collection taxes, and shall he desire to make any claim, shall ask the said collector or the said official in charge of the collection of taxes, on making payment, to endorse the tax receipt, specifically stating whether the said protest refers to the whole or to a part of the tax paid under protest, and setting forth the exact amount protested. The said endorsement shall besigned by the taxpayer and by the collector or officer in charge of the collection of taxes.

" ' *          *          *          *          *          *          *

" 'Section 3.—A taxpayer who shall have paid under protest the whole or part of any tax may, within the term of one year from the date of payment, sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return of the amount protested . . . '

"The language of section 1 contemplates a belief antedating the time of payment, a belief formed by a 'taxpayer' *in esse*, not a belief entertained by a potential or prospective 'taxpayer' who may become such in a limited literal sense upon payment of the taxes of a delinquent statutory 'taxpayer'. The taxpayer's belief 'that he should not pay any tax' is a belief that he ought not to be compelled to satisfy an unjust or an unfounded claim which raises some question as to liability. The provision that the taxpayer shall 'be obliged to pay,' the tax 'in full upon request of the collector of. internal revenue of the district' presupposes a taxpayer upon whose property the tax has been assessed, not a vicarious taxpayer. Otherwise there would be no basis for the collector's request. Hence, the mortgagee who may pay the delinquent taxes assessed upon a mortgaged property, but is not obliged to do so, is not the taxpayer referred to in sections 1 and 3, *supra*. In other words, the statutory action for the recovery of taxes paid under protest is not available to a mortgagee as a remedy for the protection of his superior lien from the results of a possible, threatened or impending sale of the mortgaged property for taxes in case such sale should not be made subject to the mortgage lien."

In view of this decision, it is not necessary to search further. Applied to the facts of this case, it sustains the judg-

ment appealed from in its entirety, which should be therefore affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.